95 F.3d 1166
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cecila L. FRANCESCHINI, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 96-3183.
 United States Court of Appeals, Federal Circuit.
 Aug. 7, 1996.
 
 Before RICH, NEWMAN, and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cecilia L. Franceschini appeals an initial decision of the Merit Systems Protection Board, No. DC0752950618-I-1 (Oct. 26, 1995), affirming the decision of the Department of the Army (agency) to remove her from her position as a supervisory recreation specialist, GS-09, with the 282nd Base Support Battalion in Hohenfels, Germany. This decision became final on February 21, 1996, when the full board denied her petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994).
 
 
 3
 Franceschini argues that the agency did not prove its charges against her. Specifically, she argues that the agency's explanation of the events is inherently improbable, because (1) she could obtain all the VAT relief forms that she desired and would therefore have no reason to ask Misty Workman to issue such forms to Anthony Barboni; (2) issuance of such forms in Barboni's name would jeopardize her employment without her gaining any benefit; and (3) a memorandum in the record undermines Workman's credibility. Contrary to Franceschini's argument, however, the administrative judge did not "ignore[ ]" these points. Rather, the administrative judge considered them but found Franceschini's explanation inherently improbable. In making this and other findings, the administrative judge weighed the evidence and made the credibility determinations that are "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 4
 Franceschini also contests the board's decision to uphold the agency's choice of the penalty of removal. Here, the board reevaluated the agency's choice of penalty given that only one of the charges was sustained, but concluded that removal was nevertheless appropriate. Under our standard of review, we agree with the board that the sustained charge warranted removal.